STATE *v.* HARVEY BUTLER and HARDY JOHNSON, JR.

An indictment at common law for larceny in stealing a cow is not supported by proof that the cow was shot down, and her ears cut off by the defendants. Such acts would have supported an indictment for malicious mischief, or an indictment, under the Act of 1866, ch. 57, for injuring live stock with intent to steal them.

The defendants were indicted for larceny at common law in stealing a cow, and on the trial at the Fall Term, 1870, of the Superior Court of BERTIE County, before his Honor, *Judge Pool*, it was proved that the cow was badly shot, and her ears were cut off. The defendants' counsel contended that no larceny of the cow had been committed, and asked his Honor so to instruct the jury, but he charged them that if they believed the defendants had shot the cow down with intent to steal her, and in the attempt to appropriate her feloniously to their use had cut off her ears, they were guilty of larceny. There was a verdict of guilty, and from the judgment thereon, the defendants appealed.

*Busbee & Busbee*, for the defendants.
*Attorney General*, contra.

DICK, J. Cattle in the range are in the constructive possession of the owner, and are the subjects of larceny. When it is larceny to steal the animal itself, it is so to steal its product; as to take milk from a cow or to pluck wool from the backs of sheep, if done *animo furandi*. *Martin's case*, 1 Leach 171; but the articles taken must be set out *eo nomine* in the indictment. To cut off and take away the ears or tail of a cow, might be malicious mischief, or might be indictable under the Act of 1866, ch. 57; but it would not be larceny, as they are of no value as articles of property. It is certain that a person cannot be convicted on an indict-

ment at common law, for stealing a cow upon evidence that only the ears were taken.

Merely shooting down an animal with felonious intent, is not an asportation sufficient to constitute a larceny of the animal. 2 Bishop 807. To supply this defect in the common law, and to afford protection to the owners of domestic animals, several statutes were passed in England at various times which were replaced by 24 and 25 Victoria ch. 96. Roscoe 351. An Act for the same purpose was passed in this State, making it a misdemeanor punishable as larceny for a person to pursue, kill or wound any horse, cattle, &c., " with the intent unlawfully and feloniously to convert the same to his own use." Act, *supra. William's case,* 1 Moody 107, was an indictment under 14 Geo. 2, and contained two counts. The first count charged the prisoner with stealing three sheep, &c. The second count was for killing the sheep with intent to steal the whole of the carcasses.

It appeared in evidence that the sheep were in the field of the prosecutor on a certain evening, and early the next morning, they were found killed and cut open, and the fat taken out and carried away, &c. The Judges held that the second count was supported; but not the first, which was for larceny.

The indictment in this case, is not under the Act above referred to, but is for larceny at common law ; and we are of the opinion, that there was *no evidence* of an asportation of the cow to be submitted to the jury.

There was error in the charge of his Honor, and there must be a *venire de novo.*

Let this be certified.

PER CURIAM.                                    *Venire de novo.*