[Crim. Nos. 2431, 2449. Second Appellate District, Division Two.—December 5, 1933.]

THE PEOPLE, Respondent, v. MONTE RAMEY, Appellant.

Thomas Gould, Jr., for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

ARCHBALD, J., *pro tem.*—On May 25, 1933, an information was filed charging defendant, jointly with John Rockwell and Burt Hathaway, with the crime of grand theft, in unlawfully taking a yearling heifer belonging to one Weber. On the same day, at 2 P. M., the three defendants were arraigned in the superior court and each pleaded guilty to the charge and made oral application for probation, hearing on which was set for June 5th. At the time of such hearing defendant Ramey expressed a desire for the assistance of counsel and the court appointed present counsel to represent him. On June 7, 1933, such counsel moved on behalf of Ramey for permission to withdraw the plea of guilty theretofore entered and for leave to enter a plea of not guilty; also for an order quashing and setting aside the preliminary hearing preceding the filing of the information. Testimony was taken both in support of and in opposition to such motions, and on June 12, 1933, an order

was made denying them and denying Ramey's application for probation, and he was sentenced to San Quentin. From such orders and judgment of conviction said defendant has appealed.

On July 21, 1933, said defendant Ramey filed his petition in the lower court for a writ of error *coram nobis*. A demurrer to said petition was filed by the district attorney and was sustained by the court without leave to amend. An appeal is also taken from the order sustaining such demurrer.

A motion has been filed to dismiss the latter appeal because of noncompliance with section 7, Rule II, of the Rules for the Supreme and District Courts of Appeal, which requires the appellant in an appeal "from an order made after judgment", among others, within five days after giving notice of appeal, to "file with the clerk and present an application to the trial court, stating in general terms the grounds of appeal," etc. The record here fails to show that this was done. The section cited also provides that if such application is not filed within the time prescribed "the appeal shall be dismissed". Such language has been held to be mandatory on many occasions, and in our opinion it is opposed to any other construction. The facts presented on the appeal from the order made after judgment were fully presented to the trial court prior to judgment, and the issue is the same as that involved in the appeal from such judgment. Under such circumstances the later order is not appealable. (*People* v. *Brattingham*, 91 Cal. App. 527 [267 Pac. 120].) The facts set forth in the petition for the writ of *coram nobis* were all known to the court prior to judgment, and the demurrer was properly sustained without leave to amend. (*Asbell* v. *State*, 62 Kan. 209 [61 Pac. 690, 691].)

The evidence taken at the preliminary hearing shows that the three defendants had gone hunting, Ramey taking a rifle which he borrowed for the occasion. The heifer was shot by defendant Rockwell, and all three participated in cutting it up and carrying it away. None of the defendants was represented by counsel at such preliminary hearing, but all of them took the stand after being advised by the magistrate that they were not asked or obliged so to do, and that whatever they said might be used against them. A jury might well have concluded, from the testimony of

Hathaway and Rockwell, that the party went out to get fresh beef instead of deer meat, and the force of such evidence is not shaken by the weak denials of Ramey.

After the arrest, John Ramey, a brother of appellant, went to the district attorney, who was an old friend of his, to see what the trouble was. He was frankly told by the prosecuting officer that the facts of the case were not known to him personally, and that all he could say was that if Monte Ramey aided or assisted the others in the killing and taking he would be a principal under the code. The district attorney further said: "It is a good deal like a man who might drive a car up to a bank and his companions or a couple of others go into the bank and hold up and rob the cashier and likely kill him, or something. The man who stayed outside in the car would be guilty of murder if the cashier was killed, or robbery if any money was taken." An assistant to the district attorney who was present, and who had investigated the case to some extent, then remarked that the other two men had confessed, and also that so far as he then knew defendant Ramey had not been guilty of any previous stealing or killing of cattle. Whereupon the district attorney replied: "I don't know about that. If a man is guilty and he enters a plea of guilty and makes an application for probation, of course he always stands in a better condition before the court if his previous record is good"; that ordinarily he, the prosecuting officer, never made any objection one way or the other, that probation was a matter which was left entirely with the court, and that "if he [Ramey] does plead guilty he might make an application for probation, and what the probation officers would do with it is something I can't tell." After the interview above mentioned John Ramey visited his brother in the jail. Shortly thereafter the three defendants were taken before the court and each pleaded guilty.

Appellant urges that he was not legally committed, for the reason that he was not advised of his legal rights and because the court should have permitted a change of plea. ██ It is admitted that the justice of the peace advised the three defendants fully as to their legal rights at the time they were brought before him and arraigned, but appellant apparently considers that it was a fatal error to fail to advise him of his right to counsel at the time

of the preliminary hearing. In our opinion the magistrate did all he was required to do by section 858 of the Penal Code, and appellant was legally committed.

■ It is also contended that the action of the district attorney amounted to a legal fraud. With such contention we cannot agree. He did not hold out any inducements or make any misrepresentations which resulted in the entering of the plea of guilty. In fact he told John Ramey that he knew nothing about the case and correctly stated the law concerning the effect of aiding and abetting a criminal act. It is true the district attorney testified that he did not have section 1203 of the Penal Code in mind at the time he stated the law relative to probation, and that if he had he would not have said anything; but we fail to see anything in what he did that amounts to legal or any other kind of fraud.

■ Appellant further contends that he was not in fact guilty of the crime charged, but at the most only of the crime of receiving stolen property, the heifer not having been killed by him (*People* v. *Smith,* 112 Cal. 333 [44 Pac. 663]; *State* v. *Butler,* 65 N. C. 309), and should have been given a chance to prove that he did not steal it. The record before us would justify the trial court in the conclusion it apparently reached, viz., that at the time appellant filed his motion for permission to change his plea he well knew what the probation officer's report recommended, that he entered his plea with full knowledge of the facts and in the hope of obtaining probation but without the knowledge that it would probably be denied, and that when that fact was ascertained the plea was attempted to be changed. In view of the fact that the record does not show something amounting to legal fraud influencing appellant to enter such plea, we cannot find any abuse of the broad discretion which the court has in determining the motions addressed to it.

■ The report of the probation officer filed June 5, 1933, contains no reference to section 1203 of the Penal Code, but on the ground of ''no extenuating circumstances'' recommends that probation be denied. A supplemental report was filed June 12, calling the attention of the court to such section of the code and to the fact that one of appellant's co-defendants used a rifle in connection with the perpetration of the crime, and stating that ''the ques-

tion is therefore placed before the court whether or not probation must necessarily be denied'' in accordance with the provisions of such section. At appellant's request the court at the hearing permitted him to present witnesses who testified to his former good character and that in their opinion he would make good if given probation. We find nothing in the record indicating that the court denied probation because it felt that the provisions in section 1203 of the Penal Code as to the possession or use of a deadly weapon prevented its entertaining or granting the application for probation. The point has been passed on in *People* v. *Andrich et al., ante,* p. 274 [26 Pac. (2d) 902], adversely to the claim of appellant herein. As to that decision we of course have no comment to make; but assuming it to be correct, legislation would seem to be needed, as it has extended the prohibition against probation to cases entirely outside the reason for the rule.

We see no merit in appellant's contention that the district attorney was guilty of misconduct, or that any act of his prejudiced appellant either at the preliminary hearing or at the hearing on the motions.

The orders appealed from all being made prior to judgment, no right of appeal therefrom exists under section 1237 of the Penal Code. Any error therein would be reached, however, on the appeal from the judgment of conviction.

The motion to dismiss the appeal in Crim. No. 2449 is granted and said appeal is dismissed, as also are the appeals from the orders in Crim. No. 2431. The judgment in the latter case is affirmed.

Stephens, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on December 20, 1933, and the following opinion then rendered thereon:

THE COURT.—Rehearing denied. There is nothing in the record before us which could be construed as a reflection on the action of counsel for appellant in making the motions he did, and we heartily commend the earnestness, able work and sacrifice on his part in performing his duties, after appointment by the court and without compensation, as a

worthy example to be followed by attorneys in the proper defense of their clients.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 4, 1934.