[Crim. No. 1319.   Third Appellate District.—February 20, 1934.]

THE PEOPLE, Respondent, v. CORWIN S. HARVEY, Appellant.

A. J. Harder for Appellant.

U. S. Webb, Attorney-General, and Jess Hession, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—In 1928 an information was filed against the defendant herein charging him with lewd and lascivious conduct and by a supplemental information filed shortly thereafter it was alleged that defendant had theretofore, in the state of Oregon, been convicted of a felony. On this

information defendant in due time entered a plea of guilty and also admitted having suffered the prior conviction. At the time of the sentence it was made to appear by questions addressed to defendant by the court that he had, under said conviction in Oregon, served time therefor in the state prison. Subsequent to the plea and before the pronouncement of sentence, the court communicated with the prison authorities in Oregon, and "suspended" the pronouncing of sentence from time to time until certain information could be obtained from that source, but later proceeded to impose sentence upon defendant and committed him to the state prison for the term of his natural life.

Thereafter in 1933, defendant petitioned the superior court for a modification of this judgment upon the following grounds:

First: Failure of the trial court to pronounce judgment and sentence in accordance with the provisions of section 1168 of the Penal Code.

Second: That the judgment and plea were obtained by promise of deportation.

Third: That the court had no authority to disturb the suspended sentence.

It is apparent that the trial judge failed to follow the provisions of section 1168 of the Penal Code in that an attempt was made to fix the maximum term as the sentence of the court. This was an irregularity, as the fixing of the term of imprisonment was within the exclusive province, at that time, of the state board of prison directors.

However, under the authority of *People* v. *Mendosa,* 178 Cal. 509 [173 Pac. 998], and *People* v. *Rossi,* 36 Cal. App. 778 [174 Pac. 916], this court has the authority and it will be the order herein to strike from the judgment that portion of the sentence which attempted and purported to fix the term of imprisonment.

Defendant also claims that not only must the fact of the prior conviction be pleaded and proved, but also the fact that time was served in a penal institution must likewise be alleged and proved. This is not necessary. *In re Boatwright,* 216 Cal. 677 [15 Pac. (2d) 755], held that it is sufficient to charge prior offenses in the language of section 969 of the Penal Code and if evidence is adduced at the trial or upon arraignment for judgment showing that

defendant had actually served time in a penal institution for the felony set forth in the complaint it is sufficient compliance with the law.

In the instant case the record discloses that defendant not only admitted the previous conviction, but also admitted he had served time in the state prison of Oregon therefor.

Defendant also claims that he entered his plea of guilty under the promise or understanding of deportation. There is nothing before us that would indicate the plea was not entirely voluntary and there is no support for defendant's claim of duress or coercion. (*People* v. *Perez,* 9 Cal. App. 265 [98 Pac. 870].)

Defendant further claims that the sentence based upon the judgment and conviction was suspended. In this we cannot agree. Judge Deirup, the trial judge who passed upon this motion, preliminarily well said:

"There was no legal suspension of the sentence. The court rendered judgment of conviction and purported to suspend the sentence. The suspension of the sentence was clearly not made under the law providing for probation (sec. 1203, Pen. Code). It could not have legally been made under any other law. It was therefore a nullity. The subsequent order setting aside the suspension of the sentence was proper; the second judgment of conviction was a nullity. (*People* v. *Mendosa,* 178 Cal. 509 [173 Pac. 998] ; *People* v. *Patrich,* 118 Cal. 332 [50 Pac. 425].)"

We therefore find no merit in the various points urged by appellant. However, that portion of the judgment and sentence herein which attempts and purports to fix the maximum penalty at life is stricken from said judgment, and as so modified, the judgment appealed from, as well as the order likewise here attacked, are affirmed.

Thompson, J., and Plummer, J., concurred.