[Crim. No. 1412.   Third Appellate District.—May 14, 1935.]

THE PEOPLE, Respondent, v. RAYMOND E. BIRDSELL, Appellant.

Raymond E. Birdsell, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Ralph H. Cowing, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—Appellant was charged in counts 1 and 2 with making and passing two fictitious checks. In counts 3, 4 and 5 he was charged with having suffered prior convictions of forgery. Upon arraignment appellant entered a plea of guilty to counts 1 and 2 and admitted having suffered the three prior convictions of forgery as charged in counts 3, 4 and 5.

The information failed to allege that appellant had served a term in any state or federal prison for the crime set out in each of counts 3, 4 and 5, an essential element in the definition of an habitual criminal, but upon arraignment for judgment appellant admitted in open court that he had actually served a separate term in a state prison upon each of said separate felonies charged in the three counts. This was sufficient. (*In re Boatwright*, 216 Cal. 677 [15 Pac. (2d) 755] ; *People* v. *Harvey*, 137 Cal. App. 22 [29 Pac. (2d) 787].)

Appellant also urges he was illegally adjudged an habitual criminal because the offense set out in count 1 of the complaint was committed July 23, 1931, and as pointed out in the case of *People* v. *d'A Philippo*, 220 Cal. 620 [32 Pac. (2d) 962], forgery did not become an ingredient of the provisions relating to habitual criminals until August 19, 1931 (sec. 644 of the Penal Code, Stats. 1931, p. 1052), and therefore a conviction for forgery prior to August 19, 1931, would

not have supported a finding the accused was an habitual criminal under that statute. However, in July, 1931, and at the time the crime charged in count 1 of the information was committed, section 644 of the Penal Code read: " . . . Every person convicted in this state of any felony who shall have been previously three times convicted, either in this state or elsewhere, of any felony shall be punished by imprisonment in the State prison for not less than life and shall not be eligible to parole . . . "

As to count 2 of the complaint the cause there set out was committed September 17, 1931, and is affected by the provisions of section 644 of the Penal Code as amended. Under either count, therefore, and whether before the amendment or subsequent thereto appellant was legally held to be an habitual criminal.

Appellant also urges that the judgment as pronounced is too vague and uncertain to be capable of enforcement. That part of the judgment complained of reads: "It is therefore Ordered, Adjudged and Decreed, that the said Raymond E. Birdsell be punished by imprisonment in the state prison of the state of California at Folsom for life, not subject to parole, being an habitual criminal, as provided in section 644 of the Penal Code of the State of California, term of sentence on each count to run consecutively and concurrently." The commitment reads: " . . . The term of sentence on each count to run consecutively and not concurrently." It is very obvious that the error in the judgment was a clerical error, and as such can be readily corrected. Were the matter called to the attention of the trial court we see no reason why the record could not be amended to speak the truth and conform to the order of the court as made. However, the correction would not materially affect the rights of appellant as he stands sentenced to imprisonment for life without right of parole, and whether the true judgments in counts 1 and 2 run consecutively or concurrently cannot be considered material under the circumstances.

The attorney-general has moved to dismiss the appeal on the ground that the same was improperly taken, and while the point may be correct we have nevertheless examined the record and considered the appeal as it was presented on its merits.

Finding no error, the order is affirmed.

Plummer, J., and Thompson, J., concurred.