[Crim. No. 1559. Third Appellate District.—July 9, 1937.]

THE PEOPLE, Respondent, v. RAYMOND E. BIRDSELL, Appellant.

Raymond E. Birdsell, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

PULLEN, P. J.—Appellant was charged in two counts in an information of making and passing two fictitious checks in violation of section 476 of the Penal Code. In counts three, four and five of the same information appellant was charged with having suffered prior convictions of forgery.

Upon arraignment defendant entered pleas of guilty to counts one and two and admitted the three prior convictions of forgery, and also admitted having served a separate term in a state prison in California upon each of the separate felonies charged in counts three, four and five. Thereupon the defendant was committed to Folsom state prison, and was also found and pronounced to be an habitual criminal, and in accordance with section 644 of the Penal Code was sentenced for a term of not less than life without parole.

Thereafter a motion was presented to vacate and set aside the judgment, which motion was denied. From the order denying this motion an appeal was taken, and in *People* v. *Birdsell*, 6 Cal. App. (2d) 749 [45 Pac. (2d) 378], the order was affirmed. One of the points urged upon that appeal was that the appellant could not be adjudged an habitual criminal for the reason that the information upon which the judgment was founded did not allege that he had served terms in a state or federal prison under the prior convictions.

Thereafter appellant filed a petition in the superior court for a writ of error *coram nobis.* This petition was denied, from which order petitioner attempted to perfect an appeal to this court. This appeal was dismissed. (19 Cal. App. (2d) 107 [65 Pac. (2d) 965].)

Some six months thereafter appellant moved the trial court to vacate the judgment upon the ground that that portion of the judgment which found him to be an habitual

criminal was void, and that the same was predicated on admissions secured by, and made under conditions amounting to fraud, and secondly, that the portion of the judgment which found him to be an habitual criminal was void and the information upon which the judgment was based was void, in that it contained no allegation of the service of terms of imprisonment following the alleged prior convictions. This latter motion came on for hearing in the trial court and the motion was denied. It is from the order denying this motion that this appeal is taken.

It had repeatedly been held that while an appeal may be taken from an order after judgment affecting the substantial rights of appellant the party who has the right of appeal from a judgment is not permitted to move to set it aside and then appeal from an order denying the motion. (*People* v. *Bowles,* 135 Cal. App. 514 [27 Pac. (2d) 411]; *People* v. *Brattingham,* 91 Cal. App. 527 [267 Pac. 120]; *People* v. *Howard,* 7 Cal. App. (2d) 283 [46 Pac. (2d) 268]; *People* v. *Swift,* 140 Cal. App. 7 [34 Pac. (2d) 1041]; *People* v. *Ramirez,* 139 Cal. App. 380 [33 Pac. (2d) 848].)

It has also been held that while the law recognizes various motions after judgment, each of these remedies may be used but once and when the court has denied such a motion, the right of the same court to rule upon such motion has been exhausted. This is true, notwithstanding the fact that no appeal was taken from the ruling on the motion and the fact that the same relief is based upon other or additional grounds, does not alter the rule. (*People* v. *Howard,* 7 Cal. App. (2d) 283 [46 Pac. (2d) 268].)

In the case before us it will be recalled appellant moved to set aside the judgment, which motion was denied, and he appealed. (*People* v. *Birdsell, supra.*)

It would therefore appear, under the authority of the Howard case (*supra*) that the trial court having ruled upon that motion, exhausted its right to entertain a similar motion. To allow this appeal would be allowing two appeals from the same ruling, and as said in *De la Montanya* v. *De la Montanya,* 112 Cal. 101 [44 Pac. 345, 53 Am. St. Rep. 165, 32 L. R. A. 82], "in some cases would have the effect of extending the time for appeal".

In *People* v. *Van Buren,* 134 Cal. App. 206 [25 Pac. (2d) 32], wherein somewhat similar facts were found, the court said:

"It is apparent that the merits of appellant's contention cannot be considered on the hearing of the instant motion. The point here at issue is whether, considering the facts hereinbefore set forth, appellant is entitled to have his contention considered by this court. Not only is it clear that on the original appeal from the judgment appellant might have presented for decision by this court the identical point which he now urges, but also (assuming, but not deciding, the propriety of his first motion to vacate the said judgment) that he might have done so on his appeal from the order by which his motion to vacate the said judgment was denied. In other words, appellant heretofore has had at least one opportunity, and possibly two separate opportunities, to have determined the very point which on his third appeal he now seeks to have decided. If such a course of procedure is in accordance with the law and the practice of the several interested courts, it is manifest that by presenting a single point on his appeal from the judgment against him, in the event that such judgment should be affirmed, the defendant thereafter by successive motions to vacate the judgment, each for a reason differing from either of the others, followed by an appeal from the order in each case by which his said motion was denied, would occupy the attention of the trial court and this tribunal indefinitely. In that regard the authorities of this state appear to be against the position assumed by appellant."

 As to the contention of appellant that the judgment finding he had served prior convictions was void, because the admission of such prior conviction were obtained from him through fraud, is not borne out in the evidence. Upon arraignment, appellant entered pleas of guilty on counts one and two and also admitted the prior convictions charged in count three. Upon proceeding with counts four and five, also charging prior convictions of felonies, the following took place:

"THE COURT: As to count four in the Information wherein you are charged with a conviction of a felony, to-wit, forgery, as herein set forth, do you admit or deny that conviction?

"THE DEFENDANT: I wish to ask one or two questions of the court before we go any further in these counts. What does this pertain to and does it pertain to the sentences on count one and two, or does it pertain to something that has

been brought up later—well, I will plead not guilty to the later indictment and demand a jury trial.

"THE COURT: Well, you must either admit it or deny it, you have already admitted conviction as to the previous conviction in count three and that stands, and now I am asking you as to whether or not you admit the fourth count wherein it is charged that you were further convicted of a felony, to-wit, forgery, under the name of Birdsell upon the 10th. day of December 1915, in the County of Alameda, State of California, do you admit that conviction or deny it?

"THE DEFENDANT: Well, I think I have asked the Court a legal question in regard to this charge and I think I am entitled to an answer as to whether that pertains to the sentence in count one and two.

"THE COURT: They don't pertain to the sentence in count one or two at all.

"THE DEFENDANT: Not guilty.

"THE COURT: You deny the conviction?

"THE DEFENDANT: Yes.

"THE COURT: You deny the previous conviction as set forth in count four?

"THE DEFENDANT: Yes.

"THE COURT: As to count five wherein you were likewise charged with the previous conviction of a felony, to-wit, forgery, herein set forth in count five, do you admit or deny that conviction?

"THE DEFENDANT: I plead not guilty.

"THE COURT: Very well, let the record show that the defendant pleaded guilty as to counts one and two and you have admitted count three and you have denied counts four and five.

"THE DEFENDANT: Is that what the record shows?

"THE COURT: Now do you want to withdraw your admission as to admitting the previous conviction as set forth in count three?

"THE DEFENDANT: Count three stands correct, I admit it.

"THE COURT: And you deny the others?

"THE DEFENDANT: On the ground that they are not true in the Information.

"THE COURT: All right, then, that will be set down for trial, he is entitled to a hearing on these matters and do you

wish to try these counts before the court or a jury, it is up to you?

"THE DEFENDANT: Well, I will waive the pleas on count four and five, I plead guilty to the two.

"THE COURT: Well, you admit them all, that is, you withdraw your pleas of not guilty to them and you admit it?

"THE DEFENDANT: Yes, I waive it.

"THE COURT: You admit the prior convictions as set forth in count three now, do you?

"THE DEFENDANT: Yes.

"THE COURT: And you admit the prior conviction as set forth in count four, do you?

"THE DEFENDANT: Correct.

"THE COURT: You admit the prior conviction as set forth in count five now, do you?

"THE DEFENDANT: Yes."

In the first place the foregoing shows that defendant was not misled, as counts four and five did not pertain to the sentence in counts one and two. They pertained to prior convictions, and while it is true under the provisions of section 644 of the Penal Code, prior convictions operate to increase the term which the appellant must serve under counts one and two, that was not the question asked by appellant, and it was evident that the trial court did not understand him to be asking such a question.

It is also evident there is nothing in the record from which it can be inferred that appellant admitted the prior convictions charged in counts four and five under a mistake resulting from the statement made by the court, in stating that the fourth and fifth counts did not pertain to the sentence in counts one and two, for appellant denied the prior convictions after listening to the court's explanation. The cause was set for trial and the defendant was then asked whether he demanded a jury trial; it was then that he withdrew his denials and admitted the prior convictions. There is nothing to indicate the appellant withdrew his denials because of the statement of the court or because of any misunderstanding of the law. A somewhat similar situation arose in *People* v. *Ramey*, 135 Cal. App. 573 [27 Pac. (2d) 941], where the appellant was charged with grand theft and was told by the district attorney if he pleaded guilty he might make an application for probation. Defendant entered a plea of guilty, and probation was denied. There was some

evidence to the effect that probation might have been denied owing to the fact that one of appellant's codefendants used a rifle in connection with the perpetration of the robbery. Thereafter, defendant sought, by writ of *coram nobis* to withdraw his plea of not guilty. The reviewing court sustained the order of the trial court sustaining a demurrer to the petition, claiming that under the facts the action of the district attorney did not amount to legal fraud.

As to failure of the information to allege service of a term of imprisonment under the prior convictions, in *People* v. *Birdsell*, 6 Cal. App. (2d) 749 [45 Pac. (2d) 378], this court held that although the information failed to allege that appellant had served a term in any state or federal prison for such offenses, nevertheless, upon arraignment for judgment, appellant admitted in open court that he had actually served a separate term in the state prison upon each of said felonies. Upon the authority of *In re Boatwright*, 216 Cal. 677 [15 Pac. (2d) 755] and in *People* v. *Harvey*, 137 Cal. App. 22 [29 Pac. (2d) 787], this was held sufficient.

The motion to dismiss this appeal should be granted, and the appeal dismissed.

It is so ordered.

Plummer, J., concurred.