[Crim. No. 1584.  Second Appellate District, Division Two.—May 2, 1928.]

THE PEOPLE, Respondent, v. A. J. BRATTINGHAM, Appellant.

John F. Groene for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

CRAIG, J.—This is an appeal from an order denying a motion of the defendant for modification of the judgment heretofore made and entered. The judgment in question is one after verdict of guilty of the charge contained in the information accusing the defendant of a violation of section 141 of the California Motor Vehicle Act (Stats. 1923, p. 562). The judgment was:

" . . . It is therefore ordered, adjudged and decreed, that the said Alfred J. Brattingham be punished by imprisonment in the county jail of the county of Los Angeles for the term of one year; in addition, defendant shall pay a fine of $1000.00; or defaulting in said payment, he shall be punished by imprisonment in the county jail of the county of Los Angeles at the rate of one day for each two dollars of said fine not paid.''

This was done on July 29, 1927, and the defendant was at once remanded to the custody of the sheriff. On October 1, 1927, the defendant served notice that on October 7, 1927, he would move the superior court to modify the judgment by striking therefrom the following:

''Or defaulting in said payment, he shall be punished by imprisonment in the county jail of the county of Los Angeles, at the rate of one day for each two dollars of said fine not paid.''

It is claimed that the court was without jurisdiction to pronounce that part of the sentence sought to be stricken out. The motion was denied, and the defendant appeals. The People have moved to dismiss the appeal.

Appellant contends that an appeal is authorized by subdivision 3 of section 1237 of the Penal Code, which provides that an appeal may be taken from an order after judgment affecting the substantial rights of the defendant. It is also said that the court has inherent power at any time to vacate a void judgment. Generally this is true, but the rule is well established that an order made after judgment is not appealable where the motion merely asks the court to repeat or overrule the former ruling on the same facts. As said in *De La Montanya* v. *De La Montanya,* 112 Cal. 101 [53 Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345], this is so because to permit such an appeal ''would be virtually allowing two appeals from the same ruling, and would in some cases have the effect of extending the time for appealing, contrary to the intent of the statute.'' To the same effect are *Kent* v. *Williams,* 146 Cal. 3 [79 Pac. 527]; *Alpers* v. *Bliss,* 145 Cal. 565 [79 Pac. 171], and other cases.

A number of decisions cited by appellant hold that the trial court has jurisdiction to vacate or modify a void judgment, but they do not mention the question here presented, namely, will an appellate court entertain an appeal from

529

an order made after judgment where the appeal from the judgment would present precisely the same question, and in every way afford protection to the rights of the defendant? The authorities sustain the contention of the People upon this issue.

Applying the rule to the record before us, it is apparent that upon an appeal from the judgment alone the judgment-roll would contain everything necessary to a determination of the contention of the appellant, and to consider the appeal from the order refusing to modify the judgment would have the effect of allowing the right to two appeals.

It is ordered that the appeal be dismissed.

Works, P. J., and Thompson, J., concurred.