[Crim. No. 2419. Second Appellate District, Division One.—September 18, 1933.]

THE PEOPLE, Respondent, v. CHARLES W. VAN BUREN, Appellant.

Charles W. Van Buren, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

HOUSER, J.— Briefly, the pertinent facts connected herewith are that heretofore under one count of an information filed against defendant he was convicted of the crime of grand theft, and, at the same time, under a separate count of the same information, he was acquitted of the offense of driving an automobile without the consent of the owner thereof. His appeal from the ensuing judgment resulted in an affirmance thereof. Some time thereafter, defendant presented a motion to the superior court to vacate the judgment which theretofore had been rendered against him, which motion was by said court denied. His appeal from that order was dismissed by order of this court;

following which, defendant presented a second motion to the superior court to vacate the said judgment. That motion also having been denied, the defendant appealed from such order to this court; whereupon the respondent has moved for a dismissal of said last appeal.

An inspection of the opening brief by appellant reveals the fact that the point urged by him as a sufficient reason for an order by which the said judgment would be vacated is that, since the evidence showed that the two crimes of which he was separately charged arose out of the same transaction, and since on the trial of the action he was acquitted by the jury of the offense of driving an automobile without the consent of the owner thereof, necessarily the legal effect was that he could not have been guilty of theft of the automobile.

It is apparent that the merits of appellant's contention cannot be considered on the hearing of the instant motion. The point here at issue is whether, considering the facts hereinbefore set forth, appellant is entitled to have his contention considered by this court. Not only is it clear that on the original appeal from the judgment appellant might have presented for decision by this court the identical point which he now urges, but also (assuming, but not deciding, the propriety of his first motion to vacate the said judgment) that he might have done so on his appeal from the order by which his motion to vacate the said judgment was denied. In other words, appellant heretofore has had at least one opportunity, and possibly two separate opportunities, to have determined the very point which on his third appeal he now seeks to have decided. If such a course of procedure is in accordance with the law and the practice of the several interested courts, it is manifest that by presenting a single point on his appeal from the judgment against him, in the event that such judgment should be affirmed, the defendant thereafter by successive motions to vacate the judgment, each for a reason differing from either of the others, followed by an appeal from the order in each case by which his said motion was denied, would occupy the attention of the trial court and this tribunal indefinitely. In that regard the authorities of this state appear to be against the position assumed by appellant.

The case of *People* v. *Brattingham*, 91 Cal. App. 527 [267 Pac. 120, 121], was an appeal from an order denying a motion of the defendant therein for modification of the judgment which had been rendered against him; and with reference to the matter here under consideration it was there stated:

"Appellant contends that an appeal is authorized by subdivision 3 of section 1237 of the Penal Code, which provides that an appeal may be taken from an order after judgment affecting the substantial rights of the defendant. It is also said that the court has inherent power at any time to vacate a void judgment. Generally this is true, but the rule is well established that an order made after judgment is not appealable, where the motion merely asks the court to repeat or overrule the former ruling on the same facts. As said in *De La Montanya* v. *De La Montanya*, 112 Cal. 101 [44 Pac. 345, 53 Am. St. Rep. 165, 32 L. R. A. 82], this is so because to permit such an appeal 'would be virtually allowing two appeals from the same ruling, and would in some cases have the effect of extending the time for appealing, contrary to the intent of the statute'. To the same effect are *Kent* v. *Williams*, 146 Cal. 3 [79 Pac. 527]; *Alpers* v. *Bliss*, 145 Cal. 565 [79 Pac. 171], and other cases.

"A number of decisions cited by appellant hold that the trial court has jurisdiction to vacate or modify a void judgment, but they do not mention the question here presented, namely, will an appellate court entertain an appeal from an order made after judgment where the appeal from the judgment would present precisely the same question, and in every way afford protection to the rights of the defendant? The authorities sustain the contention of the People upon this issue.

"Applying the rule to the record before us, it is apparent that upon an appeal from the judgment alone the judgment-roll would contain everything necessary to a determination of the contention of the appellant, and to consider the appeal from the order refusing to modify the judgment would have the effect of allowing the right to two appeals.

"It is ordered that the appeal be dismissed."

In 8 California Jurisprudence, page 495, the law is thus stated: "Ordinarily a party who has a right to appeal from a judgment or order is not allowed to move to set it

aside and then appeal from an order denying his motion.'' (Citing *People* v. *Walker,* 132 Cal. 137 [64 Pac. 133]; *People* v. *Mayne,* 118 Cal. 516 [50 Pac. 654, 62 Am. St. Rep. 256].)

It is ordered that the motion to dismiss the appeal be and it is granted.

Conrey, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 16, 1933.