[Crim. No. 92. Fourth Appellate District.—November 29, 1933.]

THE PEOPLE, Respondent, v. M. V. BOWLES, Appellant.

M. V. Bowles, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

JENNINGS, J.—The defendant has appealed from an order of the Superior Court of Riverside County denying his motion to vacate a judgment rendered in a criminal action wherein he was accused of having issued a check drawn upon a bank in which he did not have sufficient funds on deposit to meet said check on presentation. The information filed in said action also charged that the defendant had theretofore suffered two prior convictions of felonies for each of which he had been sentenced to confinement in a state prison of the state of California, and in each instance the sentence imposed upon him was served. The defendant entered a plea of not guilty and was tried before a jury which returned a verdict finding him guilty of the offense charged in the information and another verdict finding that the allegations that he had suffered two prior convictions were true. The defendant thereupon presented a motion for a new trial, which was denied, and on April 8, 1929, the trial court pronounced judgment adjudging that the defendant be confined in the state prison at Folsom, California, for the remainder of his natural life. From this judgment and from the order denying his motion for a new trial, the defendant appealed. The judgment and order were affirmed by Division One of the District Court of Appeal for the Second Appellate District on August 29, 1929 (*People* v. *Bowles,* 100 Cal. App. 464 [280 Pac. 184]). On August 22, 1933, the defendant moved the trial court to vacate the judgment rendered against him on April 8, 1929, on the ground that the court lacked jurisdiction to

pronounce said judgment. This motion was denied on August 22, 1933, and the defendant thereupon perfected his appeal from said order.

It is the contention of appellant upon this appeal that the judgment rendered on April 8, 1929, is a void judgment and was not rendered valid by its affirmance and that, since it is void upon its face, it is subject to attack, direct or collateral, at any time. Numerous authorities support this established principle. It is also pointed out that a motion to vacate a void judgment is a proper mode of attack and that an appeal lies from an order refusing to vacate such a judgment. These contentions based upon established principles are correct. However, it is equally well established that, although a defendant in a criminal action is specifically permitted to appeal from an order made after judgment, affecting his substantial rights (subd. 3, sec. 1237, Pen. Code), "ordinarily a party who has a right to appeal from a judgment or order is not allowed to move to set it aside and then appeal from an order denying his motion" (8 Cal. Jur., p. 495, sec. 510). This latter rule is directly applicable to the situation here presented. The appellant could have properly presented, on his appeal from the judgment, precisely the same questions which he now seeks to present on his appeal from the court's order refusing to vacate the judgment and obviously could have much sooner obtained whatever relief he was entitled to receive. The effect of sustaining appellant's contentions on this appeal "would be virtually allowing two appeals from the same ruling, and would, in some cases, have the effect of extending the time for appealing" (*De La Montanya* v. *De La Montanya*, 112 Cal. 101, 118 [44 Pac. 345, 53 Am. St. Rep. 165, 32 L. R. A. 82]). It is our opinion that a reviewing court is not warranted in entertaining an appeal from an order made after judgment where the same questions presented upon such appeal could have been fairly and properly raised on an appeal which has been taken from the judgment and the rights of appellant could have therein received full and adequate protection. (*People* v. *Walker,* 132 Cal. 137, 142 [64 Pac. 133]; *People* v. *Brattingham,* 91 Cal. App. 527 [267 Pac. 120]; *People* v. *Van Buren,* 134 Cal. App. 206 [25 Pac. (2d) 32].)

The appeal from the order refusing to vacate the judgment is therefore dismissed.

Barnard, P. J., and Marks, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 29, 1933.