[Crim. No. 261. Fourth Appellate District.—March 20, 1934.]

THE PEOPLE, Respondent, v. TIM RAMERIZ, Appellant.

Tim Rameriz, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—The appellant pleaded guilty to the crime of burglary. Judgment was pronounced on July 21, 1930, the court finding the crime to be burglary in the first degree. It now appears that no evidence as to the degree of the crime was taken by the court and that, in fact, the crime committed was burglary in the second degree.

On October 28, 1933, the appellant, who was then confined in the state penitentiary and who was not represented by counsel, filed a written motion to vacate the judgment pronounced on July 21, 1930, and at the same time filed a supporting brief, a motion asking that he be brought into court at the time of the hearing on his motion to vacate the judgment, and a notice of appeal and a request for a transcript. The notice of appeal contained a statement that it was to be entered only in the event the court denied his motion. The court denied these motions and thereafter entered an order which, after reciting that the motion to vacate the judgment had been denied, that the motion to bring the defendant into court for the purpose of entering an amended judgment and sentence had been denied, and that the defendant had filed a written notice of appeal with a request for a transcript, directed that a transcript be prepared. This is the appeal thus taken from the order refusing to vacate the judgment.

■ The attorney-general has moved to dismiss the appeal on the ground that a notice of appeal was not announced in open court at the time the order was made, as required by section 1239 of the Penal Code.

While this section is usually taken as contemplating an oral notice of appeal at the time an order is made, the essential requirement seems to be that notice of appeal shall then be given "by announcing in open court", rather than that the announcement shall be in a particular form. The instant case presents an unusual situation in which it was impossible for the appellant to make that announcement in the ordinary and usual manner, although he informed the court and all concerned, in writing, that he appealed from the order. He was not represented by counsel and his request to be allowed to be present at the hearing was denied. Under such circumstances he filed in advance a written notice of appeal with the request that it be entered in the event his motion was denied. This was the only thing he could do and the only way in which it was possible for him to claim the right to which he was entitled under the statute. Under such circumstances, we think the written notice of appeal filed was such a substantial compliance with the statute as should be considered sufficient. The record indicates

that there is considerable merit in the appeal and the interests of justice require a consideration thereof.

The motion to dismiss the appeal is denied.

Marks, J., and Jennings, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 2, 1934, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 19, 1934.