[Crim. No. 261.  Fourth Appellate District.—June 21, 1934.]

THE PEOPLE, Respondent, v. TIM RAMIREZ, Appellant.

Tim Ramirez, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

BARNARD, P. J.—In an information filed on July 10, 1930, the defendant was charged with the crime of burglary. After a plea of guilty judgment was pronounced and he was ordered confined in a state penitentiary. On October 28, 1933, he filed a motion to vacate the judgment on the ground that the same was void and that the court had no jurisdiction to make and enter the same for the reason that the trial court, without any evidence before it to show the degree thereof, fixed the crime as burglary in the first degree. From an order denying this motion, this appeal is taken.

The sole contention here made is that the judgment was void and the court was without jurisdiction to enter the same for the reason given above, and that as a result thereof the appellant has been sentenced without due process of law and has been given a punishment greater than that warranted by the facts.

It may be conceded that where a judgment is void upon its face, it may be attacked by a motion to vacate the same and that under such circumstances an appeal will lie from an order refusing to set the same aside (*People* v. *Bowles,* 135 Cal. App. 514 [27 Pac. (2d) 411]). A similar procedure was followed and approved in the case of *People* v. *Paraskevopolis,* 42 Cal. App. 325 [183 Pac. 585], where it was held that judgment had not been legally pronounced since the court took no evidence as to the degree of the crime and made no determination thereof. A somewhat similar holding is found in *People* v. *Stratton,* 133 Cal. App. 309 [24 Pac. (2d) 174], where it appeared that no evidence was before the court upon the question of the degree of the crime, and none to show whether the offense was committed through torture or at a time when the defendant was armed with a deadly weapon.

The record now before us fails to disclose a situation coming within the scope of the cases just mentioned. The judgment here was not void on its face, and there is nothing to substantiate the claim that the degree of the crime

was fixed in the absence of any evidence upon the subject. It is well settled that an appellant must produce a record which discloses that the error relied on has in fact occurred (*People* v. *Ferguson*, 124 Cal. App. 221 [12 Pac. (2d) 158, 960]). The clerk's transcript contains copies of the information and of an amended commitment filed December 5, 1930, but purporting to have been signed on July 22, 1930, which recites that the appellant had been duly convicted of second degree burglary. The original judgment is not set forth and no affidavits in support of the motion appear to have been filed. The reporter's transcript discloses that at the hearing of this motion the court stated that the testimony, as far as it went, showed that the building entered by the appellant was not inhabited. The court also read from what appears to be a record of what occurred at the time the amended commitment was ordered filed, at which time the trial judge stated as follows:

" 'I have gone through the record of both the preliminary and the record as taken here in court and I find that the building was not an inhabited building and the defendant was not armed with a dangerous weapon, either when he entered the building or during the time when he was in the building, and that no assault was made and nothing was taken. The entry was made probably, the evidence shows, during the night time just before daylight, just before sun-up, on or about June 27, 1930. . . . My attention has been called to this by a letter from the defendant himself, who is serving time in Folsom, and after receiving the letter I went through the records and I am satisfied the court was wrong in making the findings of burglary in the first degree; it should have been burglary in the second degree, and for that reason the record will be amended and changed so as to show the finding of burglary in the second degree, and the sentence will be amended so that there will be stricken out the words "burglary in the first degree" and substituted therefor "burglary in the second degree". And an amended commitment will be issued and sent to the authorities at Folsom.' "

While the record before us is most unsatisfactory, the situation appears to be that judgment was pronounced upon the appellant in July, 1930, at which time the court fixed the crime as burglary in the first degree and that in

December, 1930, the trial court attempted to make a correction by issuing an amended commitment in which it was recited that the appellant had been convicted of burglary in the second degree. So far as there is any record before us, there is no indication that when judgment was first pronounced there was no evidence before the court indicating the degree of the crime. On the contrary, all that we have here indicates that at that time there was evidence in the record showing the crime to be second degree burglary rather than first degree burglary. If that be true, while the judgment was erroneous it was not illegally pronounced in the absence of any evidence as to the degree of the crime. No appeal was taken from the judgment and the same was allowed to become final. So far as appears from the record the showing made upon the motion was not sufficient to warrant the trial court in setting aside or vacating the judgment (*People* v. *Rhodes,* 137 Cal. App. 385 [30 Pac. (2d) 1026]).

A further consideration is that where a judgment is not void or illegally entered, but is merely erroneous, an order denying a motion to vacate the same is not reviewable when the same points might have been presented upon an appeal from the judgment (*De La Montanya* v. *De La Montanya,* 112 Cal. 101 [44 Pac. 345, 53 Am. St. Rep. 165, 32 L. R. A. 82]; *People* v. *Davis,* 187 Cal. 750 [203 Pac. 990]; *People* v. *Brattingham,* 91 Cal. App. 527 [267 Pac. 120]; *People* v. *Van Buren,* 134 Cal. App. 206 [25 Pac. (2d) 32]; *People* v. *Bowles,* 135 Cal. App. 514 [27 Pac. (2d) 411]). While at first blush it may seem unjust to refuse to consider an appeal where a mistake has apparently been made, it must also be remembered that opportunity existed for an appeal from the judgment and that the orderly administration of justice requires that the time for taking an appeal be limited and that judgments should eventually become final. And a defendant is not without other remedies where the circumstances warrant other relief.

A motion to dismiss this appeal was heretofore denied (*People* v. *Rameriz,* 137 Cal. App. 472 [30 Pac. (2d) 577]) for the reason that the form of the motion, as noticed, was not then considered sufficient to warrant that action, and because we were then under the impression that the record

disclosed that no evidence concerning the degree of the crime was before the court. While it seems best to now affirm the order appealed from rather than to dismiss the appeal, nothing herein should be taken as authority against the latter procedure under a similar state of facts.

The order appealed from is affirmed.

Marks, J., and Haines, J., *pro tem.*, concurred.