[Crim. No. 520. Fourth Appellate District.—January 27, 1939.]

THE PEOPLE, Respondent, v. RONALD FLOHR, Appellant.

Ronald E. Flohr, *in pro. per.*, for Appellant.

Earl Warren, Attorney-General, and Warner I. Praul, Deputy Attorney-General, for Respondent.

MARKS, J.—By an amended information, filed on March 5, 1937, defendant and another were charged with "a felony, to wit: ROBBERY in that on or about the 23rd day of February, 1937, in the County of Fresno, State of California, they did, while armed with a deadly weapon, to-wit: a gun, rob one W. L. McDonald". Defendant was tried and found guilty. Judgment was pronounced upon him on March 27, 1937. No appeal was taken from that judgment.

On August 26, 1938, defendant filed a motion to vacate and set aside the judgment. His motion was denied and this appeal was taken from the order denying it. As grounds for reversal of the order, defendant urges that: (1) the

amended information failed to charge him with a public offense; (2) that the verdict was void as (a) it did not find the degree of the crime of which he was convicted, and (b) no separate verdict on the question of his being armed was returned (sec. 1158a, Pen. Code); and (3) that consequently the judgment pronounced upon him was void.

The attorney-general cites *People* v. *Bowles,* 135 Cal. App. 514 [27 Pac. (2d) 411], and urges that the order denying defendant's motion is not appealable. It is obvious that all of the grounds urged in support of the motion to vacate the judgment were proper grounds to urge on an appeal from the judgment. In discussing the propriety of considering such grounds on an appeal from an order refusing to vacate the judgment, this court, in the Bowles case, said:

"It is the contention of appellant upon this appeal that the judgment rendered on April 8, 1929, is a void judgment and was not rendered valid by its affirmance and that, since it is void upon its face, it is subject to attack, direct or collateral, at any time. Numerous authorities support this established principle. It is also pointed out that a motion to vacate a void judgment is a proper mode of attack and that an appeal lies from an order refusing to vacate such a judgment. These contentions based upon established principles are correct. However, it is equally well established that, although a defendant in a criminal action is specifically permitted to appeal from an order made after judgment, affecting his substantial rights (subd. 3, sec. 1237, Pen. Code), 'ordinarily a party who has a right to appeal from a judgment or order is not allowed to move to set it aside and then appeal from an order denying his motion' (8 Cal. Jur., p. 495, sec. 510). This latter rule is directly applicable to the situation here presented. The appellant could have properly presented, on his appeal from the judgment, precisely the same questions which he now seeks to present on his appeal from the court's order refusing to vacate the judgment and obviously could have much sooner obtained whatever relief he was entitled to receive. The effect of sustaining appellant's contentions on this appeal 'would be virtually allowing two appeals from the same ruling, and would, in some cases, have the effect of extending the time for appealing' (*De La Montanya* v. *De La Montanya,* 112 Cal. 101, 118 [44 Pac. 345, 53 Am. St. Rep. 165, 32 L. R. A. 82]).

It is our opinion that a reviewing court is not warranted in entertaining an appeal from an order made after judgment where the same questions presented upon such appeal could have been fairly and properly raised on an appeal which has been taken from the judgment and the rights of appellant could have therein received full and adequate protection. (*People* v. *Walker,* 132 Cal. 137, 142 [64 Pac. 133]; *People* v. *Brattingham,* 91 Cal. App. 527 [267 Pac. 120]; *People* v. *Van Buren,* 134 Cal. App. 206 [25 Pac. (2d) 32].)''

Defendant urges that the Bowles case cannot be controlling here because the defendant in that case appealed from the judgment, and in the instant case there was no appeal from the judgment and consequently the questions presented are for the first time before an appellate court. To a certain extent this argument is supported by *People* v. *Hoffman,* 132 Cal. App. 60 [22 Pac. (2d) 229], where this court reversed an order of the superior court denying a motion to vacate a judgment where no appeal had been taken from it and where it appeared on the face of the record that the information ''did not state a public offense and that defendant could not be prosecuted thereunder and no judgment of conviction could be based upon it''.

▆▆ The true rules governing both situations seem to be that where a judgment is void on the face of the record it may be attacked either by appeal from the judgment or by a motion to vacate the judgment; that both remedies are not available in the same case; ''that where a judgment is not void or illegally entered, but is merely erroneous, an order denying a motion to vacate the same is not reviewable when the same points might have been presented upon an appeal from the judgment''. (*People* v. *Ramirez,* 139 Cal. App. 380 [33 Pac. (2d) 848].) (See, also, *People* v. *Birdsell,* 21 Cal. App. (2d) 682 [70 Pac. (2d) 231].) ▆▆ It follows that unless the record here shows on its face that the judgment pronounced on defendant is void, the trial court committed no error in denying the motion. As there was no appeal from the judgment and the questions raised by defendant were presented to the trial court and are urged on this appeal for the first time, we must consider the questions presented in order to determine if the judgment is void on the face of the record.

We have already quoted the charging portion of the amended information.

■ Defendant first urges that the amended information does not charge a public offense because it did not allege that he feloniously took ''personal property in the possession of another, from his person or immediate presence, and against his will'' and that such taking was ''accomplished by means of force or fear''. (Sec. 211, Pen. Code.)

While the brevity of the amended information is not to be approved for general use, we believe that in the absence of a demurrer, it sufficiently apprised defendant of the offense with which he was charged so that the verdict and judgment rendered under it cannot be held to be void. Our reasons for this conclusion are set forth in *People* v. *Fallai,* 99 Cal. App. 297 [278 Pac. 449], as follows:

''The short form of information authorized by the 1927 amendment to section 951 of the Penal Code is as follows: '(Title of the court). The district attorney of the County of .... hereby accuses A. B. of a felony (or misdemeanor), to-wit: (giving the name of the crime, as murder, burglary, etc.) in that on or about a certain date (stating it) in the county of ...., State of California, he (here insert statement of the act or omission, as for example ''murdered C. D.'')'; and in connection therewith section 952 of the said code provides that in charging an offense the information shall be sufficient if it contains in substance a statement that the accused has committed some public offense therein specified, that such statement may be made in ordinary and concise language without any technical averments, and may be in the words of the enactment describing the offense or in any words sufficient to give the accused notice of the offense of which he is charged. The code defines robbery to be 'the felonious taking of personal property in the possession of another from his person or immediate presence, and against his will, *accompanied* by means of force or fear'; and in its relation to the law the word 'robbed' is defined by Webster to mean: 'To take personal property in the possession of another from his person or his presence feloniously and against his will by violence or by putting him in fear.' It would appear, therefore, in view of the foregoing definitions, that the word 'robbed' as it is used in the administration of the criminal laws has a fixed and well-defined meaning, and that being so, it would be wholly unreasonable to hold, we think, that appellant did not know what was in-

tended when he was charged with having 'robbed John J. Fitzgerald of one gold watch' and the other personal property above mentioned.''

■ We must next consider the question of the validity of the verdict. The record presented is far from satisfactory. However, the rule is "that an appellant must produce a record which discloses that the error relied on has in fact occurred (*People* v. *Ferguson,* 124 Cal. App. 221 [12 Pac. (2d) 158, 960])''. (*People* v. *Ramirez, supra.*)

Defendant urges that the jury did not determine the degree of the robbery of which it found him guilty. We find in the record a copy of a verdict in which the jury found defendant "guilty of robbery in the first degree".

Defendant urges that the jury did not find a special verdict on the question of his being armed at the time of the commission of the offense as required in section 1158a of the Penal Code. We find in the record the following verdict:

"We, the jury in the above entitled action, find the defendant, Ronald Flohr, guilty as charged in the information. N. M. Bartlett, Foreman.''

In *People* v. *Mercado,* 59 Cal. App. 69 [209 Pac. 1035], the court said:

"The form of a verdict is to be regarded as immaterial, provided the intention to convict of the crime charged is unmistakably expressed. (*People* v. *McCarty,* 48 Cal. 557. 559; *People* v. *Swenson,* 49 Cal. 388, 390, 391; *People* v. *Holmes,* 118 Cal. 444, 448 [50 Pac. 675]; Pen. Code, sec. 1404.) It should be construed in connection with the information and the plea of defendant. (*People* v. *Tilley,* 135 Cal. 61, 62 [67 Pac. 42].)''

The amended information charged that defendant was armed with a gun when he committed the robbery. The quoted verdict found him guilty "as charged in the information" which is equivalent to a finding that he was armed with a gun at the time of the commission of the crime. That a "gun" falls within the definition of the word "weapon", appearing in section 1158a of the Penal Code, cannot be doubted. We find no merit in this argument of defendant.

As the last ground for reversal of the order defendant urges that the judgment pronounced upon him was void. This contention is based solely on the insufficiency of the amended information and of the verdict. We have already

discussed these questions and need give them no further consideration.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 9, 1939, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 23, 1939.