[Crim. No. 1738.   Third Appellate District.—November 12, 1940.]

THE PEOPLE, Respondent, v. CHARLES O. SIMMS, Appellant.

Charles O. Simms, *in pro. per.*, and Richard Haley for Appellant.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

TUTTLE, J.—Defendant was charged in an amended complaint issued in the justice's court of Woodland Township,

Yolo County, California, with the crime of burglary, a felony, and with two prior convictions of burglary, both felonies, in Colorado. The prior convictions are charged as follows:

"That before the commission of the offense hereinabove set forth in this amended complaint, said defendant, Charles O. Simms, was, under the name of Charles Doody, in the District Court of the State of Colorado, in and for the County of Boulder, convicted of the crime of burglary, a felony, and the judgment of said court against said defendant in said conviction was, on or about the 21st day of April, 1930, pronounced, rendered, given and made, and has never been reversed, annulled or set aside, and on the 21st day of April, 1930, defendant, Charles O. Simms, was sentenced by said court to a term of not less than one and one-half years, and not more than three years, and said defendant served said term of imprisonment therefor in the Colorado State Penitentiary at Canon City, Colorado. That before the commission of the offense herein above set forth in count one of this amended complaint, said defendant, Charles O. Simms was, under the name of Charles Doody, in the District Court of the State of Colorado, in and for the County of Boulder, convicted of the crime of burglary, a felony, and the judgment of said court against said defendant in said conviction was, on or about the 24th day of September, 1932, pronounced, rendered, given and made, and has never been reversed, annulled, nor set aside, and on the 24th day of September, 1932, defendant, Charles O. Simms, was sentenced by said court to a term of not less than four years, and not more than eight years, and said defendant served said term of imprisonment therefor in the Colorado State Penitentiary, at Canon City, Colorado."

Defendant appeared with counsel in said justice's court and pleaded guilty to all the counts in the complaint. Thereafter, on April 29, 1940, and under the provisions of section 859a of the Penal Code, defendant appeared in the superior court with his counsel. It was then stipulated that the crime of burglary charged in the first count of the complaint, was of the second degree. The court then adjudged defendant to be an habitual criminal, and sentenced him to be confined in Folsom Prison.

*No appeal was taken by defendant from this judgment, and the time for doing so elapsed.* (Pen. Code, sec. 1467.) On

June 24, 1940, *fifty-six days after said judgment,* defendant filed a motion to vacate that portion of the judgment finding him to be an habitual criminal. This motion was duly heard in the Superior Court of Yolo County, and was denied by that court. Defendant now seeks to appeal from the order denying his motion to vacate the aforesaid portion of the judgment.

Defendant contends that his motion was made within the time fixed by section 644 of the Penal Code. That portion of said section upon which he relies reads as follows:

"Provided, that in exceptional cases, at any time not later than sixty days after the actual commencement of imprisonment, the court may, in its discretion, provide that the defendant is not an habitual criminal, and in such case the defendant shall not be subject to the provisions of this section."

The section from which the above quotation is taken is known as the "Habitual Criminals Act", and the preceding portion provides that a defendant who has been convicted of any felony in this state, and who has previously been twice convicted of certain felonies in this state or elsewhere, and who has served separate terms therefor in any state prison, shall be adjudged an habitual criminal. Among the crimes which may be charged as prior convictions is that of *burglary.* Defendant sets forth in his brief the definition of "burglary" in the State of Colorado, and contends that it differs from the definition of such crime in this state, in that in Colorado the crime consists of entering certain structures . . . "with intent to commit murder, robbery, rape, mayhem, larceny, or *other* felony or misdemeanor"; while in *this* state it is defined as entering certain structures "with intent to *commit petit* larceny or any felony". (Sec. 459, Pen. Code.)

Defendant then refers to section 667 of the Penal Code, which is as follows:

"Every person who, having been convicted of any felony, either in this State or elsewhere, and having served a term therefor in any penal institution, commits petit theft after such conviction, is punishable therefor by imprisonment in the county jail not exceeding one year or in the State prison not exceeding five years; provided, however, that any such person who has been, or who shall hereafter be, sentenced to

the State Prison shall be subject to parole by the State Board of Prison Directors, under the restrictions now provided by law for the parole of the first term prisoners, any act to the contrary notwithstanding."

He contends that the crime of burglary as charged in the complaint is not one "which, if committed within this State, would be punishable by the laws of this State by imprisonment in the State Prison", in that the Colorado law uses the words "other misdemeanor", while in this state the entry must be accompanied by an intent to commit one misdemeanor only—petit larceny. His position is that the trial court was without jurisdiction, under the allegations of the complaint, to adjudge him an habitual criminal, and his motion to set aside such adjudication should have been granted.

The State moves to dismiss the appeal upon the ground that the order from which the appeal is taken is not an appealable one. The motion must be granted under the authority of *People* v. *Carkeek*, 35 Cal. App. (2d) 499 [96 Pac. (2d) 132], and the cases reviewed in that opinion. We held in that action that the only remedy available to the defendant was an appeal from the judgment of conviction, and that an appeal from an order denying a motion to set aside the judgment of conviction would not lie, as it would be equivalent to allowing two appeals from the · judgment— something which we held was not intended by the legislature, or authorized by law. Such order is not one "made after judgment affecting the substantial rights of the parties". (Sec. 1237, subd. 3, Pen. Code.) "The motion merely asks the court to repeat or overrule the former ruling on the same facts". (*People* v. *Brattingham,* 91 Cal. App. 527 [267 Pac. 120].)

Defendant contends that under the portion of section 644 of the Penal Code quoted above, he is expressly permitted to make the motion, and that upon a denial thereof, he is entitled to appeal. Assuming that said section authorizes a defendant to make such motion, there is no showing that this is "an exceptional case". It simply involves an error of law which might be corrected upon appeal. Furthermore, the granting or denial of the motion is entirely discretionary with the trial court, and no abuse of discretion is shown. The counts of the complaint quoted above clearly state facts which, if true, justify the court in adjudicating that de-

fendant was an habitual criminal. If defendant wished to controvert the allegations of the complaint, he had an opportunity to do so. He offered no evidence, either before judgment, or upon the hearing of the motion. ■ "In the absence of any proof upon the subject, it is presumed that the law of a foreign state is in accordance with that of the forum." (10 Cal. Jur., p. 704, sec. 30.)

Other questions raised by defendant have received our attention, but we find them so lacking in merit that they do not require discussion.

The appeal is dismissed.

Pullen, P. J., and Thompson, J., concurred.