Filed 7/23/21  P. v. Dunsmore CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE, | D078348 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS215653) |
| DARRYL DUNSMORE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

Robert E. Boyce, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

This is the fourth[1] appeal of defendant Darryl Dunsmore following his 2010 conviction for attempted voluntary manslaughter and two counts of assault with deadly weapon and by force likely to cause great bodily injury. Unable to identify any arguable issues, appellate counsel has sought independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We will affirm.

## OVERVIEW[2]

"*Facts*

"[¶] . . . Dunsmore had a long history of harassing his ex-wife. Joseph C., a friend of Dunsmore, tried to convince Dunsmore to leave his ex-wife alone. In December 2007, Joseph agreed to meet with Dunsmore to help him recover property that he had left at his ex-wife's home. Terry R., Joseph's friend, drove Joseph over to Dunsmore's home. Dunsmore was sitting in his full-sized van, with the motor running, when Terry and Joseph arrived and got out of their car. Dunsmore turned on the headlights of his van, revved its engine, and sped straight toward Joseph and Terry. Dunsmore crashed his van at high speed into Terry's car, knocking down Terry, mangling his knee

[1] Dunsmore currently has another appeal pending in *People v. Dunsmore*, July 21, 2020, case No. D077762 (*Dunsmore III*). He argues in *Dunsmore III* that the court at his July 15, 2020 resentencing (1) abused its discretion in denying under *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*) his motion for substitution of counsel; and (2) erred in recalculating his actual custody credits. In connection with *Dunsmore III* we denied Dunsmore's request to consolidate that appeal with the instant appeal. (*Dunsmore III, supra*, D077762, at p. 2, fn. 1.)

[2] This summary is primarily derived from our decision in *People v. Dunsmore* (Oct. 8, 2019, D074656 [nonpub. opn.] (*Dunsmore II*), following remand in *People v. Dunsmore* (Dec. 22, 2011, D057645) [nonpub. opn.] (*Dunsmore I*).

and destroying his car. Dunsmore accelerated and turned the van toward Joseph, who was standing near a telephone pole. Dunsmore flattened the telephone pole and chased Joseph through neighbors' front yards. Dunsmore knocked Joseph down from behind with his van, after driving the van through a chain-link fence and over a brick retaining wall. While leaning his head out of the van's window, Dunsmore drove the van back and forth over Joseph's body several times, breaking several bones and inflicting other injuries. Joseph had lingering injuries at the time of trial. [Citation omitted.]

"*Procedural Background*

"In 2010, a jury convicted Dunsmore of one count of attempted voluntary manslaughter as a lesser included offense of murder ([Pen. Code,[3]] §§ 192, subd. (a), 664; count 1), and two counts of assault with a deadly weapon and by force likely to cause great bodily injury (§ 245, subd. (a)(1); counts 2 and 3). Allegations regarding personal use of a deadly and dangerous weapon (§ 1192.7, subd. (c)(23)) and personal infliction of great bodily injury (§ 12022.7, subd. (a)) were also found true, along with true findings that Dunsmore had a prior prison conviction (§ 667.5, subd. (b)), that was also a prior serious felony conviction (§ 667, subd. (a)(1)), and a prior strike conviction (§§ 667, subd. (c) & (e)(1), 1170.12, subd. (c)). [Citation omitted.]

"The trial court sentenced Dunsmore to a total term of 22 years in prison. The court imposed the upper term on count 1, attempted voluntary manslaughter, doubled to 11 years due to the prior strike conviction, plus three years, consecutive, for personal infliction of great bodily injury, and one

---

[3] All further statutory references are to the Penal Code unless otherwise indicated.

3

year, consecutive, for use of a weapon [fn. omitted]; on count 2, assault with a deadly weapon on the same victim, the court imposed the upper term, doubled, of eight years, plus a consecutive term of three years for personal infliction of great bodily injury and a term of one year for the weapon enhancement, all stayed pursuant to section 654; and on count 3, assault with a deadly weapon on a second victim, the court imposed a consecutive term of two years, or one-third of the middle term doubled, plus one year for the weapon enhancement. Punishment on the weapon enhancement was stayed pursuant to section 1385. The court also imposed one year, consecutive, for the prison prior (§ 667.5, subd. (b)), stayed pursuant to *People v. Jones* (1993) 5 Cal.4th 1142, and imposed five years, consecutive, for the prior serious felony conviction (§ 667, subd. (a)). The court reserved jurisdiction over direct restitution to the victim and imposed the minimum restitution fine (§ 1202.4, subd. (b)) and suspended parole revocation fine (§ 1202.45) of $200 each. It refused to impose other mandatory fines, fees, surcharges, or penalty assessments. The trial judge stated, 'Let me tell you my philosophy on fines. They want a zillion and a half dollars in fines. Okay. If I'm going to send a man to prison, whether, sir, it's for two years or 22 years, I am not tacking on humongous restitution fines and fees. I don't believe in it.'

"On appeal [in *Dunsmore I*], we affirmed the conviction of guilt and remanded for the imposition of mandatory fees. Specifically, we stated: 'The portion of the sentence related to fines, fees, surcharges, and penalty assessments is reversed. The matter is remanded to the trial court with directions to identify and impose all mandatory fines, fees, surcharges, and penalty assessments. . . . In all other respects, the judgment is affirmed.' [Citation omitted.]

4

"*Remand*

"The presiding judge at the time of sentencing retired and a different judge handled the case on remand. The court imposed a restitution fine in the amount of $1,000 and an additional suspended parole revocation restitution fine of $1,000. The court imposed the mandatory criminal conviction assessment of $90 (Gov. Code, § 70373), a criminal justice administration fee in the amount of $154 (Gov. Code, § 29550.1), and a court operations assessment in the amount of $90 (§ 1465.8). [Fn. Omitted.]" (*Dunsmore II, supra*, D074656, at pp. 3–6.)

In *Dunsmore II*, we held the court did not abuse its discretion in refusing to replace defense counsel Craig Leff before the remand hearing, after Dunsmore claimed in a *Marsden* hearing that he allegedly had a conflict of interest with Leff and other attorneys from the Office of Assigned Counsel (OAC).[4] (*Dunsmore II, supra*, D074656, at pp. 8–9) Dunsmore in the *Marsden* hearing also claimed that he had been denied a fair trial, despite the fact the sole issue on remand was imposition of mandatory fees, as noted in *Dunsmore I* and *II*.

We also held in *Dunsmore II* that the court on remand erred in increasing the restitution and parole revocation fines from $200, the minimum fine a court could impose when Dunsmore committed his crime in 2007, to $1,000 (§§ 1202.4 & 1202.45); that the court erred in imposing the court operations assessment under section 1465.8; that Dunsmore on remand could raise the ability to pay issue based on what was then the newly decided case of *People v. Dueñas* (2019) 30 Cal.App.5th 1157; that although it was a "close issue . . . due to the violence in this case and Dunsmore's lengthy

---

4    The record shows as new counsel from OAC was appointed to represent Dunsmore, he would amend his civil suit to include such counsel to create this alleged "conflict of interest."

history of violence" (*Dunsmore II*, *supra*, D074656, at p. 14), on remand he also could raise whether the court should exercise its newly found discretion and strike his prior serious felony conviction in light of Senate Bill No. 1393, which became effective January 1, 2019 and which amended sections 667, subdivision (a) and 1385, subdivision (b) (see Stats 2018, ch. 1013, §§ 1–2); that various other sentencing errors needed correction in the amended abstract of judgment; and that the stayed, one-year prison term enhancement under former section 667.5, subdivision (b) should be stricken. (*Dunsmore II*, D074656, *supra*, at p. 17.)

### *Dunsmore III*

At the July 15, 2020 resentencing hearing, the court held another *Marsden* hearing to address Dunsmore's ex parte request that attorney Leff be dismissed. Dunsmore argued he wanted new counsel appointed because the court and his counsel were relying on the representation of the prosecutor that he had been "convicted of premeditation in 2010, which he claimed was false." (*Dunsmore III*, *supra*, D077762, at p. 7.) Dunsmore also argued that his appointed counsel was unprepared for the July 15 resentencing hearing; that Mark-Robert Bluemel was his newly retained attorney, who, according to Dunsmore, was allegedly seeking a "forensic examination" to determine whether he had a "developmental disability" (*ibid.*); that he believed the court was "psychologically abus[ing]" him as were others that were supposed to be representing his interest (*ibid.*); that he had been "continuously" sending "scientific information" to the court regarding his alleged disability (*ibid.*); and that he had been denied due process when he was originally sentenced in 2010.

The trial court again denied Dunsmore's *Marsden* motion, finding that attorney Leff provided effective assistance of counsel. In so doing, the court

6

found "that—to say that Mr. Dunsmore is a litigious individual is an understatement. He has filed numerous ex parte applications, all of which have been dealt with by the court. [¶] He has been up to the Court of Appeal on a number of occasions. He continues to raise issues related to his trial from 2009 and his sentencing in 2010, all of which have been dealt with over and over and over again by this Court as well as the Court of Appeal." (*Dunsmore III*, *supra*, D077762, at p. 10.)

After taking up the fines, fees, and assessments discussed in *Dunsmore II*, the trial court refused to strike the five-year enhancement. "The court read into the record Dunsmore's original sentencing report prepared by probation, which noted Dunsmore had a 'lengthy criminal history which covers more than 27 years.' " (*Dunsmore III*, *supra*, D077762, at p. 13.) The court noted: " '[Dunsmore] is a habitual offender. It is clear that the defendant had several opportunities to stop his negative actions and redirect his behavior. [¶] In the instant case, the behavior that the defendant displayed did not appear to be that of a man concerned for his safety. He could have driven away but chose to remain in the area and commit this offense. [¶] He blames others for his choices. He is without remorse and despite the physical and emotional harm he has caused, he continued to view himself as the victim.' " (*Dunsmore III*, *supra*, D077762, at pp. 12–13.) The court corrected certain sentencing errors identified in *Dunsmore II*; calculated Dunsmore's custody credits, as discussed in *Dunsmore III*; and sentenced Dunsmore to 21 years in prison, as noted.

<u>Instant Appeal</u>

While the appeal in *Dunsmore III* was pending, Dunsmore on October 30, 2020, filed a motion to vacate the judgment, alleging the sentence imposed by the court at his July 15, 2020 resentencing was unauthorized because (1) it failed to properly award him custody credits, an issue that he also raises in *Dunsmore III*, and (2) he was not convicted in this case of a violent—as opposed to a serious—felony.[5]

On November 9, 2020, Dunsmore filed four petitions for rehearing in connection with four *Marsden* hearings dating back to 2009 and 2010. In each of the petitions Dunsmore claimed that "[n]ewly discovered evid[ence]" of a meritorious claim existed, which counsel in 2009/2010 had failed to argue and which had resulted in an "illegal un[]authorized sentence." Finally, the court on November 16, 2020 received Dunsmore's one-sentence ex parte "Motion for reasonable ADA[6] Accommodation and Meaningful Access,"

---

[5] We will assume—without deciding—that, despite his pending appeal from the judgment in *Dunsmore III*, the trial court had jurisdiction under Penal Code section 1237, subdivision (b), to consider Dunsmore's postjudgment motion and/or rehearing petitions, as he argues in his opening brief in the instant case. (See Pen. Code, § 1237, subd. (b) [providing an appeal may be taken "[f]rom any order made after judgment, affecting the substantial rights of the party"]; cf. *People v. Thomas* (1959) 52 Cal.2d 527 [noting the general rule that ordinarily no appeal lies from an order denying a motion to vacate judgment of conviction on a ground which could have been reviewed on appeal from the judgment]; *People v. Bowles* (1933) 135 Cal.App. 514 [declining to decide an appeal from an order refusing to vacate judgment of conviction where question presented upon such appeal could have been raised on appeal which had been taken from judgment, and where accused's rights could have therein received adequate protection].)

[6] Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 et seq.) (ADA).

8

which he claimed he had previously filed on February 27, 2020, without response by the court.

The court on November 17, 2020 denied Dunsmore's motion to vacate and his four petitions. With respect to the former, the court concluded it lacked the authority to address what it determined was a legal question regarding credits in light of the pending appeal in *Dunsmore III*. With respect to the latter, it found Dunsmore's request for a rehearing had no application in a criminal setting.

The November 17 order also addressed Dunsmore's motion for ADA accommodation. The court noted that it had no record of any filing on February 27, 2020, and in any event that there was no hearing currently on calendar in Dunsmore's case for which an accommodation would be relevant.

## DISCUSSION

As noted, appellate counsel has filed a brief pursuant to *Wende* and *Anders* indicating he has been unable to identify any arguable issues for reversal or modification on appeal. Counsel asks that we review the record for error as mandated by *Wende*. To assist the court in its review, counsel asks we focus on the following issue: Whether the trial court erred in its November 17, 2020 order denying the motion, petitions, and/or ADA inquiry request.

At this court's invitation, Dunsmore on June 3, 2020, filed a supplemental brief. In his supplemental brief, Dunsmore argues appellate counsel was ineffective for filing a *Wende* brief because there are meritorious claims that counsel should have raised, including regarding Dunsmore's "developmental disability" and his "institutionalization," which, he argues, has deprived him of the opportunity to "participate as a productive member of society." He also argues his prior counsel provided ineffective assistance of

9

counsel, as evidenced by the fact that his case has now involved multiple appeals in which two have resulted in a sentence modification. He thus asks this court to strike the *Wende* brief, appoint new appellate counsel, and allow him on remand to pursue his ineffective of assistance claim based in part on a *Marsden* hearing from March 2010.

We have fully and independently examined the record and conclude that there are no issues, including the one raised by appellate counsel and those raised by Dunsmore, which, if resolved favorably to Dunsmore, would result in reversal or modification of his judgment; and that Dunsmore has been represented by competent counsel in this appeal.

## DISPOSITION

The court's November 17, 2020 order (1) denying Dunsmore's motion to vacate and four petitions for rehearing, and (2) addressing his ADA accommodation request, is affirmed.

BENKE, J.

WE CONCUR:


McCONNELL, P. J.


DATO, J.

10