Filed 5/10/23 P. v. Reta CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>MANUEL RETA,<br><br>        Defendant and Appellant. | C096540<br><br>(Super. Ct. No. P06CRF0457) |

In 2007, defendant Manuel Reta pleaded no contest to unlawfully driving or taking a vehicle. In 2021, defendant filed a motion to withdraw his plea and vacate the 2007 conviction under Penal Code[1] section 1473.7, asserting he was not adequately informed of the immigration consequences of his plea. The trial court denied defendant's motion and defendant filed a motion for reconsideration of the order. After the trial court denied the motion for reconsideration, defendant appealed, asserting that the appeal was from the initial order denying the motion to withdraw his plea and vacate the conviction.

---

[1] Undesignated statutory references are to the Penal Code.

1

Defendant now argues the trial court erred in finding he received an adequate advisement of the immigration consequences of his plea, and the trial court applied an incorrect standard of "reasonable diligence" in assessing the timeliness of defendant's motion to withdraw his plea and vacate his conviction. The Attorney General counters that defendant appealed from a nonappealable order -- the order denying reconsideration -- and to the extent defendant seeks to appeal from the denial of defendant's motion to withdraw his plea and vacate his conviction, the appeal is untimely. Finding merit in the Attorney General's arguments, we will dismiss the appeal.

BACKGROUND

Defendant entered the United States in 2003, when he was 23 years old. In March 2007, he pleaded no contest to vehicle theft (Veh. Code, § 10851, subd. (a)) in El Dorado County Superior Court. He had two prior convictions in Sacramento County for burglary (§ 459). A Spanish interpreter assisted him during his court proceedings because he had a limited ability to speak or read English. When defendant reviewed the plea form, he signed where his attorney directed him to sign, but he does not believe the interpreter read the entire form to him. As a result of the conviction, the trial court placed defendant on three years of formal probation with 45 days in custody.

In June 2007, defendant pleaded no contest to receipt of stolen property (§ 496, subd. (a)) in Placer County. He was placed on probation in that case and served 180 days in custody. The judge in the Placer County case told defendant he would be taken into custody after completing his sentence, and defendant subsequently agreed to voluntary deportation.

Defendant reentered the country but was caught and taken to El Dorado County for violating probation. He admitted the violation and served 180 days in custody. After completing the sentence, immigration authorities again took him into custody, and he once again agreed to voluntary deportation. Defendant again reentered the United States in 2008.

In 2018, defendant's daughter applied for a U-visa and tried to sponsor defendant. But defendant was ineligible due to his criminal record, and in June 2019, an immigration attorney informed him that his convictions made him deportable and ineligible for lawful status and citizenship. According to defendant, this was the first time he learned of those consequences.

Defendant filed a motion in July 2021 to withdraw his plea and vacate his conviction under sections 1016.5 and 1473.7. The prosecution opposed defendant's motion, pointing to defendant's criminal history and the advisement of immigration consequences in the written plea agreement, which read: "I understand if I am not a citizen of the United States, my plea to the charges in this case may result in my deportation, exclusion from admission to the United States or denial of naturalization."

On December 1, 2021, the trial court held a hearing on the motion. Defendant acknowledged the immigration advisement satisfied section 1016.5, but argued it would not resolve the section 1473.7 challenge. The trial court took the matter under submission.

On January 5, 2022, the trial court denied the motion, reciting the advisement from the plea agreement and noting the minute order from the plea hearing stated the trial court had "advised the Defendant that if he pleads guilty or is found guilty he could be deported if he is not a citizen of the United States." The trial court said defendant had been voluntarily deported twice, that he bore the burden of showing he was entitled to relief under section 1473.7, and that he had not met that burden.

Defendant filed a motion for reconsideration on January 13, 2022. In the motion, defendant argued reconsideration was required "to allow the court to correct its ruling, as it is contrary to law and factually insupportable as well." Defendant argued the trial court's finding that he had not met his evidentiary burden under section 1473.7 was "contrary to law," and that his voluntary deportations after the plea were "not a proper basis to deny the motion." Defendant reiterated the factual statements from his original

3

motion, saying the fact defendant had been advised under section 1016.5 did not mean he could not meet his burden to show he had been inadequately advised of the plea's immigration consequences. The motion for reconsideration did not offer new facts or assert changes in the law.

At the hearing on the motion for reconsideration, on February 16, 2022, defendant requested a continuance so the matter could be heard by the same judge who had considered defendant's initial motion to withdraw his plea and vacate the conviction. Defendant later requested a further continuance and the trial court heard the motion on March 25, 2022. The trial court again recited the plea agreement advisement and the minutes, saying defendant was appropriately advised under section 1016.5. The trial court also explained its prior references to defendant's voluntary deportations, stating defendant had not provided the trial court with copies of any notices he had received at those times. The trial court added: "Even if defendant was able to establish that there was a violation of Section 1016.5 or 1473.7, which this Court finds there was not, the motion could be denied if it was not filed timely per Penal Code Section 1473.7[, subdivision ](c)."

Defense counsel attempted to file a notice of appeal on May 12, 2022, but for reasons that are unclear, the trial court did not receive the filing. Counsel again sent the notice of appeal, and a trial court clerk rejected the filing, saying a certificate of probable cause was required for the appeal. Counsel refiled the form, checking a different box to indicate the appeal was from a different kind of order that did not require a request for a certificate of probable cause, and the trial court accepted the notice on June 24, 2022.

After briefing in this matter was completed, defendant filed an application to construe the May 12, 2022 notice of appeal as the operative notice in this case. This court deferred decision on the application pending assignment of a panel.

4

DISCUSSION

Defendant claims his appeal arises from the order denying his motion to withdraw the plea and vacate the conviction, and thus it is appealable under section 1237, subdivision (b), which provides in part: "An appeal may be taken by the defendant from . . . [¶] . . . [¶] . . . any order made after judgment, affecting the substantial rights of the party." The Attorney General disagrees, arguing defendant's appeal arises from the order denying the motion for reconsideration, a nonappealable order. The Attorney General argues in the alternative that the notice of appeal, which was filed on June 24, 2022, is untimely.

The California Supreme Court has held that although section 1237 is generally broad in scope, "no appeal lies from an order denying a motion to vacate a judgment of conviction on a ground which could have been reviewed on appeal from the judgment." (*People v. Thomas* (1959) 52 Cal.2d 521, 527 (*Thomas*); accord, *People v. Rick* (1952) 112 Cal.App.2d 410, 412 ["An order made after judgment is not appealable where the motion merely asked the court to repeat or overrule a former ruling on the same facts"].) This is because permitting such an appeal " 'would be virtually allowing two appeals from the same ruling, and would, in some cases, have the effect of extending the time for appealing contrary to the effect of the statute.' " (*People v. Palmer* (1942) 49 Cal.App.2d 579, 580.) "In such a situation appeal from the judgment is an adequate remedy." (*Thomas*, at p. 527.)

Nevertheless, defendant could appeal the trial court's January 5, 2022 denial of his motion to vacate, because section 1473.7, subdivision (f) expressly authorizes such an appeal. (*People v. Vivar* (2021) 11 Cal.5th 510, 523 ["When a trial court grants or denies a motion to vacate a conviction under section 1473.7, the parties can appeal."].) But defendant could not appeal from the denial of his motion for reconsideration. Defendant's motion to vacate and his motion for reconsideration were based on the same facts and operative law. No new facts or laws were asserted in the motion for

5

reconsideration. Rather, the motion for reconsideration argued the trial court's ruling was "contrary to law" because it found defendant had not met his burden of proof and cited the "irrelevant" fact that he had voluntarily deported himself in the past. Defendant filed the motion for reconsideration as an alternative to appealing the initial order denying the motion to vacate, saying he "should not be forced to wait for relief via an appeal given that the court's ruling is based on clear errors of fact and law." The trial court's order denying the motion for reconsideration mirrored its order denying the motion to vacate. Both rulings recited the immigration consequence advisement defendant had received during the plea hearing and mentioned defendant's two voluntary deportations. The order denying the motion for reconsideration implicates the considerations identified in *Thomas*.

Defendant claims he is appealing the denial of his motion to vacate and that he chose not to appeal immediately because it was an interim order that required clarification; thus he asked for reconsideration rather than proceeding to a costly and time-consuming appeal. But his argument runs afoul of the principles articulated in *Thomas*. Defendant had 60 days to appeal the January 5 order denying his motion to vacate. (Cal. Rules of Court, rule 8.308(a); see *In re Chavez* (2003) 30 Cal.4th 643, 650 [the time frame for a notice of appeal is essential to the finality of judgments].) His motion for reconsideration did not extend the deadline. (Cal. Rules of Court, rule 8.308(a) ["no court may extend the time to file a notice of appeal"].) And there is no indication the trial court considered the order denying the motion to vacate to be an "interim order." The denial of defendant's motion for reconsideration was not appealable. (*People v. Van Buren* (1933) 134 Cal.App. 206, 208-209 [" 'a party who has a right to appeal from a judgment or order is not allowed to move to set it aside and then appeal from an order denying his motion' "].)

Because we conclude the March 25 order denying the motion for reconsideration is not an appealable order, it does not matter whether defendant's May 12, 2022 notice of

6

appeal or defendant's June 24, 2022 notice of appeal is considered the applicable notice of appeal; both notices are untimely if they are construed to be from the January 5, 2022 order denying the motion to vacate the conviction. Defendant's application to construe the May 12, 2022 notice of appeal as the applicable notice of appeal is therefore denied as moot.

## DISPOSITION

The appeal is dismissed.


_____/S/_____
MAURO, Acting P. J.


We concur:


_____/S/_____
DUARTE, J.


_____/S/_____
BOULWARE EURIE, J.

7